IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKIE JOE MURPHY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 14-CV-147-GKF-PJC |
| | ) |
| WILLIAM MONDAY, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1). Petitioner is a state inmate and appears pro se. Respondent filed a response (Dkt. # 13) to the petition and provided the state court record (Dkt. ## 13, 14) for resolution of the claims raised in the petition. Petitioner did not file a reply to the response. For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

On July 10, 2012, Sgt. Darren Bristow stopped a truck being driven by Petitioner Rickie Joe Murphy after Murphy's truck made a wide turn and nearly collided with Sgt. Bristow's vehicle. Sgt. Bristow noticed an odor of alcohol from inside the truck. A records check showed Petitioner's license was suspended or revoked. Another police officer conducted sobriety tests which Petitioner failed.

---

[1] Petitioner is in custody at William S. Key Correctional where William Monday serves as Warden. Petitioner named both William Monday, Warden, and the State of Oklahoma as respondents. The only proper respondent in this action is William Monday, Warden. Therefore, the State of Oklahoma is dismissed from this action. The Clerk of Court shall note the dismissal on the record.

As a result of those events, Petitioner was charged in Tulsa County District Court, Case No. CF-2012-3115, with Driving Under the Influence of Alcohol (3rd Offense) (Count 1), Failure to Yield (misdemeanor) (Count 2), and Driving With License Suspended or Revoked (misdemeanor) (Count 3). At the conclusion of a jury trial, Petitioner was found guilty as charged. The jury recommended a sentence of eighteen (18) years imprisonment, two (2) years of treatment and supervision, and a $2,000 fine (Count1); a $200 fine (Count 2); and a $500 fine (Count 3). On April 8, 2013, the trial judge sentenced Petitioner to 20 years, with 18 years in the custody of the Department of Corrections followed by 2 years supervision and treatment (Count 1), and to pay the fines recommended by the jury. During trial proceedings, Petitioner was represented by attorney Stanley Monroe.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner, represented by attorney S. Gail Gunning, raised two (2) propositions of error, as follows:

> Proposition 1: Appellant was denied due process of law by the definition of "reasonable doubt" during *voir dire*.
>
> Proposition 2: The trial court erred in imposing a sentence on Count 1 – Driving Under the Influence of Alcohol, that varied from the jury's sentencing verdict.

(Dkt. # 13-1). On January 22, 2014, in an unpublished summary opinion filed in Case No. F-2013-362, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court. See Dkt. # 13-3. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court nor did he seek post-conviction relief in the state courts.

Petitioner filed a timely petition for writ of habeas corpus (Dkt. # 1) and identifies two (2) grounds of error, as follows:

> Ground 1: The trial court erred in imposing a sentence on Count 1 – Driving Under the Influence of Alcohol, that varied from the jury's sentencing verdict.
>
> Ground 2: Petitioner was denied due process of law by the definition of "reasonable doubt" during *voir dire*.

Id. Respondent filed a response (Dkt. # 13) to the petition and asserts that Petitioner is not entitled to habeas corpus relief.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, see Dkt. # 13 at 2, ¶ 6, and the Court agrees, that Petitioner's claims raised in the petition were presented to the OCCA on direct appeal and are exhausted.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044,

1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013). Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 98; Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

Here, Petitioner presented his habeas claims to the OCCA on direct appeal. Because the OCCA addressed Petitioner's claims on the merits, the Court will review the claims under the standards of § 2254(d).

**1. Improper sentence (Ground 1)**

In his first ground of error, Petitioner claims that the trial court judge improperly imposed a sentence that varied from the jury's recommendation. See Dkt. # 1 at 5. The record demonstrates that Petitioner's jury found him guilty of Driving Under the Influence of Alcohol After Two (2) or More Previous Felony DUI Convictions and recommended that Petitioner be sentenced to "2 years

4

supervision/treatment, 18 years imprisonment and a fine of $2,000." See Dkt. # 13-6. At sentencing, the trial judge stated as follows:

> I'm not really sure, as I indicated before, since the law is awfully unclear about is this a 20-year sentence with 18 in and 2 out under the rules and conditions of probation or is it simply 18 years, and perhaps if he appeals, the Court can tell us what that answer is. But the jury had found him guilty, sentence [sic] him to 18 years. I'm going to interpret this as a two-year suspended sentence following that, to do a drug and alcohol assessment, follow those treatment recommendations, but as I said, I'm not sure.

(Dkt. # 14-3 at 2). Defense counsel did not object to the trial court's imposed sentence. On direct appeal, the OCCA reviewed for plain error only and denied relief, finding as follows:

> The jury's sentence recommendation was "two years supervision/treatment, 18 years imprisonment and a fine of $2,000." Under 22 O.S.2011, § 991a(A)(1)(l) any supervision or treatment must occur within the sentence. Therefore, the trial court's imposition of a 20 year sentence, 18 years in the custody of the Department of Corrections and 2 years supervision and treatment was not error as it was consistent with the jury's recommendation. See Howell v. State, 1981 OK CR 82, ¶ 9, 632 P.2d 1223, 1225 (the district court may suspend a sentence in whole or in part, but a judge may not impose a sentence different from that set by the jury). Finding no error, we find no plain error.

(Dkt. # 13-3 at 3 (citation to record omitted)).

A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Additionally, Oklahoma defines plain error as "an error which goes to the foundation of the case, or which takes from a defendant a right essential to his defense," Simpson v. State, 876 P.2d 690, 698 (Okla. Crim. App. 1994), and "impinges on the fundamental fairness of trial." Cleary v. State, 942

P.2d 736, 753 (Okla. Crim. App. 1997). "Oklahoma's formulation of the plain-error standard is virtually identical to the constitutional test for due process." Hancock v. Trammell, 798 F.3d 1002, 1011 (10th Cir. 2015); Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (finding "no practical distinction between the formulations of plain error . . . and the federal due-process test, which requires reversal when error so infused the trial with unfairness as to deny due process of law" (citation and internal quotation marks omitted)). When the OCCA rejects a claim "under the plain-error standard, the decision effectively disallow[s] the possibility of a due process violation." Hancock, 798 F.3d at 1011.

The Court finds Petitioner's Ground 1 claim that the trial judge erred in entering a sentence that varied from the sentence recommended by the jury shall be denied because it is not cognizable on federal habeas corpus review. Petitioner's sentencing claim is based on the state courts' interpretation of Oklahoma law. The OCCA specifically cited state law, Okla. Stat. tit. 22, § 991a(A)(1)(l), in finding that the trial judge did not err in sentencing Petitioner. Furthermore, Petitioner was not deprived of due process of law as a result of his sentencing. Petitioner is not entitled to habeas corpus relief on Ground 1.

**2. Prosecutorial misconduct/defining "reasonable doubt" during voir dire (Ground 2)**

In Ground 2, Petitioner claims that he was denied due process when the prosecutor defined "reasonable doubt" during voir dire. See Dkt. # 1 at 7. Specifically, Petitioner complains of the following exchange between the prosecutor and one of the potential jurors during voir dire:

> Prosecutor:   Anybody who does not believe that we went to the moon? Does everybody understand the difference between a hundred percent positive and a reasonable, having a reasonable doubt as a standard?
> What does that mean to you, sir?

> Juror Phillips: We're sitting here and it's probably not going to be on videotape. And so we have to weigh the evidence and decide how reasonable, I mean how reasonably well made the case is one way or the other, how much reasonable doubt is there. Would a reasonable person looking at this evidence agree that it is sufficient to prove the innocence or guilt of this person.
>
> Prosecutor: That was beautiful.
>
> Juror Phillips: Thank you.
>
> Prosecutor: Would it be reasonable to doubt the fact that we went to the moon?
>
> Juror Phillips: I have a buddy who doesn't believe we went to the moon. There's no reaching him with logic. He just believes what he's going to believe. To him it seems perfectly reasonable.
>
> Prosecutor: To the average person?
>
> Juror Phillips: To me it seems pretty unreasonable that they filmed the whole thing in a warehouse somewhere, but, you know, everyone looks at the world through glasses colored by their opinions and experiences. Two people see the same thing and have a different interpretation. That's why I think the idea of a reasonable person, my friend is not reasonable, he's crazy.
>
> Prosecutor: Is there anyone who is going to hold the state to a burden that we prove 100 percent, with no possibility of it being otherwise, the elements of this case against the defendant? Or will you all agree to use that mind-set of a reasonable burden? Reasonable doubt is the burden.

(Dkt. # 14-1, Tr. Vol. I at 47-49). Defense counsel did not object to these questions. Id. On direct appeal, the OCCA reviewed for plain error and denied relief, finding as follows:

> We find no error in the prosecutor's questions and comments during *voir dire* regarding the term "reasonable doubt." The prosecutor did not define "reasonable doubt" but attempted to advise the jury what reasonable doubt was not and that the jury should not hold the State to a higher burden of proof than that beyond a reasonable doubt. *Robinson*, 2011 OK CR 15, ¶ 16, 255 P.3d [at] 431-432. *See also Taylor v. State*, 2011 OK CR 8, ¶ 47, 248 P.3d 362, 377. Finding no error, we find no plain error.

(Dkt. # 13-3 at 2).

Prosecutorial misconduct, if it occurs, can "create constitutional error in one of two ways." Matthews v. Workman, 577 F.3d 1175, 1186 (10th Cir. 2009). "First, prosecutorial misconduct can prejudice 'a specific right, such as the privilege against compulsory self-incrimination, as to amount to a denial of that right.'" Id. (citing Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). When this occurs, a petitioner need not show his entire trial was rendered fundamentally unfair. See Dodd v. Trammell, 753 F.3d 971, 990 (10th Cir. 2013). "Second, even if the prosecutor's improper remarks do not impact a specific constitutional right, they may still create reversible error if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Matthews, 577 F.3d at 1186 (citing Donnelly, 416 U.S. at 643).

A prosecutor's attempt to define reasonable doubt implicates a defendant's specific constitutional right. See Dodd, 753 F.3d at 990-91(analyzing claim State improperly characterized its burden of proof to determine if the misconduct "effectively deprived the defendant of a specific constitutional right"); Morris v. Workman, 382 F. App'x 693, 696 (10th Cir. 2010) (unpublished)[2] ("Where prosecutorial misconduct directly affects a specific constitutional right such as the presumption of innocence, a petitioner may obtain relief by demonstrating that the constitutional guarantee was so prejudiced that it effectively amounted to a denial of that right." (internal quotation marks and citation omitted)).

The OCCA reviewed Petitioner's prosecutorial misconduct claim for "plain error" and found none. As explained above, this Court must defer to the OCCA's ruling unless it "unreasonably appli[ed]" the test. Thornburg, 422 F.3d at 1125.

---

[2]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

The exchange cited above demonstrates that the prosecutor's questions were clearly intended to ascertain whether the potential jurors were able to apply the "reasonable doubt" standard. The Court finds that the OCCA reasonably applied federal law when it found no error in these comments. See, e.g., id. at 1130 ("[T]o state that 'beyond a reasonable doubt' does not mean beyond 'a shadow of a doubt or all doubt' was not a constitutional violation."); Gordon v. Ward, 118 F. App'x 434, 436 (10th Cir. 2004) (unpublished) (finding OCCA's conclusion that a "prosecutor's comments during voir dire that 'reasonable doubt' does not mean 'beyond a shadow of a doubt' or 'beyond all doubt' does not constitute error" was not contrary to or an unreasonable application of clearly established federal law). The Court concludes that the OCCA's decision was not contrary to, or an unreasonable application of federal law as determined by the Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on Ground 2.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy

9

the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted).

After considering the record in this case, the Court concludes a certificate of appealability should not issue. Nothing suggests that this Court's application of AEDPA standards to the OCCA's decision is debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). The Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The State of Oklahoma is **dismissed** from this action.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 15th day of February, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT